UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| John McCombs, | ) | Civil Action No.: 2:19-cv-01086-RBH-MGB |
|---|---|---|
| Petitioner, | ) | |
| v. | ) | **ORDER** |
| State of South Carolina, | ) | |
| Respondent. | ) | |

This habeas corpus matter is before the Court for consideration of Petitioner's objections to the Report and Recommendation ("R & R") of United States Magistrate Judge Mary Gordon Baker, who recommends denying his Emergency Motion for Immediate Injunction.[1] *See* ECF Nos. 14 & 16.

**Standard of Review**

The Magistrate Judge makes only a recommendation to the Court. The Magistrate Judge's recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court must conduct a de novo review of those portions of the R & R to which specific objections are made, and it may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

The Court must engage in a de novo review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the Court need not conduct a de novo review when

---

[1] The Magistrate Judge issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (D.S.C.). The Court is mindful of its duty to liberally construe Petitioner's pro se filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

a party makes only "general and conclusory objections that do not direct the [C]ourt to a specific error in the [M]agistrate [Judge]'s proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of specific objections to the R & R, the Court reviews only for clear error, *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005), and the Court need not give any explanation for adopting the Magistrate Judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

## Discussion

Petitioner, who is civilly committed under the South Carolina Sexually Violent Predator Act,[2] has brought this action against the State of South Carolina seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2241. He has filed an "Emergency Motion for Immediate Injunction" alleging the photocopy policy at his institution—limiting him to twenty-five pages per month—is unconstitutional. *See* ECF No. 12. The Magistrate Judge recommends denying Petitioner's motion because he fails to satisfy the *Winter*[3] criteria for the issuance of a preliminary injunction. R & R at pp. 1–4. Petitioner has filed objections to the R & R. *See* ECF No. 16.

The Court must deny Petitioner's motion for a simple reason not addressed in the R & R—his motion seeks relief not available in a habeas corpus action. Habeas corpus relief is available for a "challenge to the fact or duration of [one's] confinement." *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973) (detailing what constitutes the "core of habeas corpus"). "[A] suit seeking habeas corpus relief cannot be utilized as a base for the review of a refusal to grant collateral administrative relief or as a springboard to adjudicate matters foreign to the question of the legality of custody." *In re Wright*, 826

---

[2] S.C. Code Ann. §§ 44–48–10 to –170 (2018).

[3] *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7 (2008).

2

F.3d 774, 777 n.4 (4th Cir. 2016) (internal quotation marks omitted). Petitioner's motion seeking preliminary injunctive relief—asserting institutional staff are preventing him from making more than twenty-five photocopies per month—raises a civil rights claim that cannot be remedied in a habeas corpus action.[4] Because the Court cannot entertain this claim in a habeas action, it must deny Petitioner's motion.[5] *See Nelson v. Campbell*, 541 U.S. 637, 647 (2004) ("[A] request for a permanent injunction does not sound in habeas, [and] it follows that the lesser included request for a . . . preliminary injunction[] does not either."); *see, e.g.*, *Roberts v. Pegelow*, 313 F.2d 548, 549 (4th Cir. 1963) ("The traditional function of the writ of habeas corpus is to test the legality of the detention. It is inappropriate to the procurement of the kind of injunctive relief these petitioners seek."); *Weersing v. Cartledge*, 2010 WL 4004931, at *1 (D.S.C. Sept. 21, 2010), *adopted by* 2010 WL 5481767 (D.S.C. Dec. 29, 2010) (denying a habeas petitioner's motion for a temporary restraining order because his claims regarding denial of copies and access to the law library did not fall within the core of habeas corpus relief).

## Conclusion

For the foregoing reasons, the Court **ADOPTS AS MODIFIED** the R & R [ECF No. 14] and **DENIES** Petitioner's Emergency Motion for Immediate Injunction [ECF No. 12].

**IT IS SO ORDERED.**

Florence, South Carolina  
July 31, 2019

s/ R. Bryan Harwell  
R. Bryan Harwell  
Chief United States District Judge

---

[4] Petitioner contends the photocopying policy violates *Bounds v. Smith*, 430 U.S. 817 (1977), which involved an access to the courts claim brought under 42 U.S.C. § 1983. *See* ECF No. 12 (citing *Bounds* and related cases).

[5] Even if Petitioner's motion sought cognizable relief, the Court agrees with the Magistrate Judge that he has not satisfied the four *Winter* criteria.